# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELI LILLY AND COMPANY, *et al.*,<br>　　　*Plaintiffs*,<br><br>　　　v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br>　　　*Defendants*. | Case No. 24-CV-3220 (DLF) |
| BRISTOL MYERS SQUIBB COMPANY,<br>　　　*Plaintiff*,<br><br>　　　v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br>　　　*Defendants*. | Case No. 24-CV-3337 (DLF) |
| SANOFI-AVENTIS U.S. LLC,<br>　　　*Plaintiff*,<br><br>　　　v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br>　　　*Defendants*. | Case No. 24-CV-3496 (DLF) |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br>　　　*Plaintiff*,<br><br>　　　v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br>　　　*Defendants*. | Case No. 25-CV-117 (DLF) |
| KALDEROS, INC.,<br>　　　*Plaintiff*,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br>　　　*Defendants*. | Case No. 21-CV-2608 (DLF) |

## **PLAINTIFFS' JOINT RESPONSE TO NOTICE**

More than six years after Kalderos first raised its rebate model with HRSA, AR 465, the Government continues to insist that it needs more time to "consider the effects" of Plaintiffs' proposed models. *E.g.*, Gov. MSJ Reply to Lilly, BMS & Novartis 9–11 (capitalization altered).  At oral argument, the Court directed the Government to explain how much longer it would need.  In its May 2, 2025 notice, the Government again demurred:  It "expects to be in a position to provide guidance for stakeholders in thirty days."  That response raises more questions than it answers.  Will HRSA actually issue any "guidance" and, if so, when?  Will it purport to require advance HRSA approval of rebate models—the very power HRSA has already claimed, and that Plaintiffs contend HRSA does not have?  Will it commence a purported notice-and-comment process?  Will it authorize rebate models at all?  HRSA does not say.

The Court should continue its present course of expeditiously ruling on Plaintiffs' summary-judgment motions.

*First*, whatever "guidance" may be forthcoming only highlights the need for a decision from the Court.  As explained in briefing and at argument, Section 340B does not require HRSA to "pre-approve" manufacturers' rebate models.  Any "guidance" the agency promulgates will likely emerge from HRSA's erroneous claim to preapproval authority, and thus will not resolve that threshold legal question.  Nor would it change any "agreement with each manufacturer," which is the form the statute requires relevant directives from HRSA to take.  42 U.S.C. § 256b(a)(1).

*Second*, HRSA has not rescinded the nuclear threats it has made against manufacturers who launch a rebate model without the agency's advance permission, and the question before this Court is whether those final agency actions—which include an explicit determination that the rebate model "violates Section 340B(a)(1)," AR 425—are contrary to law.  New guidance does not change the need for the Court to decide this case.  And any new reasoning from HRSA would fall

outside the administrative record on which this case must be decided. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973).

*Third*, time remains short. BMS and Novartis must submit MFP effectuation plans by September 1, and they need time before then to notify covered entities and to road-test their proposed models. And the Government's notice commits to nothing. Even if it is "in a position" to act in a month, it could choose not to—just as it has done for six years. The Government fails to explain why the next thirty days will enable it to make a reasoned decision when the prior two-thousand-odd days did not, or how BMS and Novartis can obtain enough real-world experience with their models to inform their effectuation plans if there is no "guidance" until June. Besides, the agency has already made its unlawful anti-rebate position clear. AR 203, 424–425.

For all of these reasons, the Court should proceed with deciding the pending cross-motions for summary judgment expeditiously.

Dated: May 6, 2025                                  Respectfully submitted,

/s/ Catherine E. Stetson
John C. O'Quinn
Matthew S. Owen
Megan McGlynn
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 389-5000
john.oquinn@kirkland.com
matt.owen@kirkland.com
megan.mcglynn@kirkland.com

Catherine E. Stetson (D.C. Bar No. 453221)
Jacob T. Young (D.C. Bar No. 90014334)
HOGAN LOVELLS US LLP
555 Thirteenth Street N.W.
Washington, D.C. 20004
(202) 637-5600
cate.stetson@hoganlovells.com
jake.young@hoganlovells.com

*Attorneys for Plaintiffs Eli Lilly and Company and Lilly USA, LLC*


*/s/ Sean Marotta*
Sean Marotta (D.C. Bar No. 1006494)
Marlan Golden (D.C. Bar No. 1673073)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-4881
Facsimile: (202) 637-5910
sean.marotta@hoganlovells.com

*Attorneys for Plaintiff Bristol Myers Squibb Company*


*/s/ Sean Marotta*
Sean Marotta (D.C. Bar No. 1006494)
Jacob T. Young (D.C. Bar No. 90014334)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-4881
sean.marotta@hoganlovells.com

*Attorneys for Plaintiff Novartis Pharmaceuticals Corporation*

/s/ *Rajeev Muttreja*
Rajeev Muttreja (admitted pro hac vice)
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
rmuttreja@jonesday.com

Noel Francisco (D.C. Bar No. 464752)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
njfrancisco@jonesday.com

*Attorneys for Plaintiff Sanofi-Aventis U.S. LLC*

/s/ *Paul J. Zidlicky*
SIDLEY AUSTIN LLP
Paul J. Zidlicky (No. 450196)
pzidlicky@sidley.com
(Tel.): (202) 736-8013
1501 K Street, N.W.
Washington, DC 20005
(Tel.): (202) 736-8000
(Fax): (202) 736-8711

Trevor L. Wear (pro hac vice)
twear@sidley.com
(Tel.): (312) 853-7101
One South Dearborn
Chicago, IL 60603
(Tel.): (312) 853-7000
(Fax): (312) 853-7036

*Counsel for Plaintiff Kalderos, Inc.*